**NOT FOR PUBLICATION**

DEC 22 2016

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **ARTASHES PETROSYAN,** | No. 10-71729 |
| Petitioner, | Agency No. A099-445-924 |
| v. | |
| **LORETTA E. LYNCH, Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 22, 2016[**]
Pasadena, California

Before: **KOZINSKI**, **W. FLETCHER** and **GOULD**, Circuit Judges.

**1.** We deny Petrosyan's petition for review of the agency's denial of his

applications for asylum and withholding of removal because the agency's adverse

credibility finding was supported by substantial evidence. See Shrestha v. Holder,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

590 F.3d 1034, 1039 (9th Cir. 2010).  In his declaration, Petrosyan described his personal experience using similar or identical language to portions of an earlier published Human Rights Watch article.  Petrosyan attributes the similarity to the fact that many people were at the described rally.  But this doesn't address why his account of the events repeats sentences and details from the Human Rights Watch article verbatim.  Absent a plausible explanation, the agency reasonably concluded that Petrosyan's account of the alleged persecution was not genuine.

The agency's adverse credibility finding is further supported by the discrepancies between Petrosyan's testimony and his aunt's.  See 8 U.S.C. § 1158(b)(1)(B)(iii).  His aunt failed to corroborate Petrosyan's testimony that he had been arrested in Armenia.  Instead, she testified that she didn't know anyone in the family, other than Petrosyan's father, who had been arrested in Armenia.  She also testified that she thought Petrosyan's father was still in Armenia when Petrosyan departed Armenia for the United States, even though Petrosyan testified that his father left Armenia before he did.

**2.**  Petrosyan waived his claim for protection under the Convention Against Torture by failing to raise it in his opening brief.  See Balser v. Dep't. of Justice, 327 F.3d 903, 911 (9th Cir. 2003).  But even if it wasn't waived, this claim would

fail because other than his own incredible testimony, Petrosyan doesn't point to any evidence that compels us to conclude that it's more likely than not that he would be tortured if returned to Armenia.

**DENIED.**